IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BERTHA VALDEZ,**
Personal Representative of
The Estate of Joel Molina,

      Plaintiff,

vs.                                                                   No. CV 10-00631 MCA/RHS

**WILLIAM PETTY,** Former Deputy for
The Bernalillo County Sheriff's Department, and
**LEONARD ARMIJO,** Deputy for the
Bernalillo County Sheriff's Department,
Defendants.

**ORDER DENYING MOTION SEEKING**
**AN ORDER ALLOWING SERVICE BY PUBLICATION**

THIS MATTER comes before the Court on Plaintiff's Motion Seeking An Order Allowing Service by Publication (Doc. 56). After thoroughly reviewing the Motion (Doc. 56), the Response (Doc. 66) and the Reply (Doc. 67), the Court concludes that the Motion is not well-taken at this time and should be denied without prejudice.

**CASE BACKGROUND**

This is a classic case of a defendant taunting the judicial system by playing "catch me if you can" while a plaintiff makes multiple attempts to serve a defendant who has fled the country in an effort to avoid the jurisdiction of the federal court. Plaintiff alleges that Defendant Petty shot a fleeing suspect in the back and killed him. Plaintiff filed suit on July 2, 2010 and issued a summons to William Petty on July 6, 2010. On October 20, 2010, then-Chief Magistrate Judge Richard L. Puglisi ordered Plaintiff to show cause why the cause should not be dismissed due to lack of service on Defendant Petty (Doc. 10). To date, the cat and mouse routine has continued for more than one year and seven months without Plaintiff effecting personal hand-in-hand service of process.

ATTEMPTS TO SERVE DEFENDANT PETTY

1. Plaintiff contacted the Bernalillo County Sheriff Department regarding Defendant Petty and learned that Defendant Petty was no longer with the Department and that they did not have a forwarding address (Doc. 13-2).

2. Plaintiff located seven addresses in Albuquerque, one in Bernalillo, and one in Rio Rancho, but all were out of date addresses for Defendant Petty (Doc. 13-2).

3. Plaintiff also identified six addresses in Texas for Defendant Petty, including using driver license information (Doc. 13-2).

4. On approximately July 23, 2010, Plaintiff attempted to serve Defendant Petty at an address on Parkridge Avenue in Irving, Texas.  The address has been obtained by a private investigator and was believed to be a current address (Doc. 13-1).

5. On approximately July 28, 2010, Plaintiff tried to serve Defendant on Lake Carolyn Parkway in Irving, Texas (Doc. 13-1).

6. On August 24, 2010, Plaintiff mailed a Notice of Lawsuit and Waiver of Summons to Defendant Petty at 7356 Parkridge Boulevard, Irving, Texas by certified mail and it was returned unopened (Doc. 13-1).

7. On August 30, 2010, Plaintiff attempted service at two addresses in Arlington, Texas (Doc. 13-1).

8. On April 18, 2011, Plaintiff learned that the Bernalillo County Sheriff's Department was also looking for Defendant Petty (Doc. 49-1).

9. In approximately October 2011, Plaintiff contacted Defendant Petty's former wife at 928 Freestone Drive, Arlington, Texas (Doc. 49-3).  Defendant Petty's unlisted telephone number was billed to the address where the former wife, Melissa Petty, lived in Tarrant County, Texas with the couple's children.  Melissa Petty indicated to Plaintiff's

        representative that Defendant Petty would be back soon and that she was in touch with him (Doc. 49-2). Melissa Petty also indicated that Defendant Petty resided with her when he was in Arlington, Texas (Doc. 49-3).

10. Plaintiff also contacted Defendant Petty's mother, Dee Petty. She indicated that Defendant Petty would be home soon (Doc. 49-2). On November 2, 2011, Plaintiff served the summons and complaint to Dee Petty at her home at 4928 Rutland, Fort Worth, Texas (Doc. 49-3).

11. Plaintiff has conducted a search every six months for vehicles or property listed to Defendant Petty. Searching employment records has also not yielded any results.

## DEFENDANT PETTY'S ACTUAL NOTICE OF SUIT

Even though Plaintiff has not been able to effect personal service of process, Defendant Petty does have actual notice of the lawsuit, which contributes to the hide and seek nature of this case. His actual notice of suit is evidenced by the fact that an attorney entered a limited appearance on behalf of Defendant Petty "for the sole purposes of contesting the alleged service of process made as to Defendant William Petty" (Doc. 45). If Defendant Petty did not have actual notice of the lawsuit, he would not have known to hire an attorney to represent him while he absconded to the United Arab Emirates and established residency there, as evidenced by his counsel filing his redacted United Arab Emirates residency card (Doc. 53-2), a copy of which is attached hereto and incorporated as Exhibit A.

In addition to Plaintiff's pending request for service by publication (Doc. 56), Defendant Petty has moved this Court to quash the alleged services of process (Doc. 46). At this time, the Court is awaiting a response from Plaintiff to the motion to quash.

## SERVICE BY PUBLICATION

Plaintiff and Defendant Petty disagree on which rules of civil procedure apply to this conundrum, which is not a surprise given the lack of clarity regarding whether Defendant Petty is an individual within a judicial district of the United States (Fed. R. Civ. P. 4(e)) or an individual residing in a foreign country (Rule (f)). Plaintiff points to Fed. R. Civ. P. 4(e)(1), which applies to individuals within the United States and allows service by following state law. State law allows service by publication. According to NMRA Rule 1-004(J), "the court may order service by any method or combination of methods, including publication, that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend." Plaintiff proposes to publish in Bernalillo County, where this action is pending; in Tarrant County, Texas, where Defendant's former wife and children reside; and in the United Arab Emirates, where Defendant apparently currently lives (Doc. 56 at 4).

Defendant Petty contends that service must be completed in compliance with Fed. R. Civ. P. 4(f), which applies to individuals in foreign countries. Perhaps intentionally, Defendant Petty does not specify which subsection of the rule should apply in this case, nor does he apply that rule to the present facts so that the Court or Plaintiff can know what steps Defendant Petty thinks would be adequate service of process under Fed. R. Civ. P. 4(f). Rule 4(f) does not mention or prohibit service by publication, so it is unclear from the Response brief (Doc. 66) if Defendant Petty would object to publication pursuant to Fed. R. Civ. 4(f)(2)(C)(3) (service "by other means not prohibited by international agreement, as the court orders").

At this time, it appears that Plaintiff has not made any attempt to personally serve Defendant Petty in the United Arab Emirates and instead wishes to proceed directly to service by publication in that country. Plaintiff has not shown that she exhausted efforts to serve the

Defendant in the United Arab Emirates. For example, Plaintiff has not represented to this Court that she has contacted the United States Embassy in the United Arab Emirates to see if the United States government can supply registration or contact information that could be used to accomplish personal service of process upon Defendant Petty. Specifically, Plaintiff has apparently not sought the information that defense counsel redacted from Defendant Petty's residence card, such as his address, passport number, stated profession, and sponsor's name (Doc. 53-2). Service by publication is premature until these options are exhausted, and therefore the Court will deny the Motion Seeking An Order Allowing Service by Publication (Doc. 56) without prejudice.

As for the desire to serve Defendant Petty by publication in Bernalillo County and Tarrance County, the Court will deny Plaintiff's motion without prejudice because there is not any evidence that Defendant Petty currently resides in either of those locations and therefore it is not reasonably calculated to give him notice of the pendency of the suit.

IT IS THEREFORE ORDERED that Plaintiff's Motion Seeking an Order Allowing Service By Publication (Doc. 56) is denied without prejudice. Prior to refiling a motion for service by publication, the Court orders that Plaintiff investigate and exhaust her options for personally serving Defendant Petty in the United Arab Emirates.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE