IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BERTHA VALDEZ,
Personal Representative of
The Estate of Joel Molina,

      Plaintiff,

vs.                                                                     No. CV 10-00631 MCA/RHS

WILLIAM PETTY, Former Deputy for
The Bernalillo County Sheriff's Department, and
LEONARD ARMIJO, Deputy for the
Bernalillo County Sheriff's Department,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Leonard Armijo's *Motion to Dismiss Due to Failure to Comply with Court's Order*, filed November 23, 2011. *See* Doc. 43. The Court granted Plaintiff Bertha Valdez's motion for an extension of time to respond on July 18, 2012. *See* Doc. 92. The Court will deny the request to dismiss the claims against Defendant Armijo, but will impose monetary sanctions to be paid by Plaintiff's counsel, Ray Twohig, who takes full responsibility for failing to comply with the Court's Order compelling discovery.

The Complaint in this case was filed in July 2010. *See* Doc. 1. In May 2011, the Court entered a scheduling order providing that discovery would close on October 31, 2011. *See* Doc. 34. After several months of successful avoidance of service, Plaintiff finally obtained service of process on Defendant William Petty on April 11, 2012. *See* Doc. 78. The Court subsequently approved the parties' modified joint status report that extended the times in which to complete discovery as well as other scheduling-order deadlines. *See* Docs. 87, 90. Defendant Armijo's motion to dismiss, however, was filed before service was effectuated on Petty and before the scheduling order was

modified, and is based on the Plaintiff's prior failure to comply with the Court's November 2, 2011 Order granting the Defendant's Motion to Compel First Interrogatories and Requests for Production, which were served on the Plaintiff on June 6, 2011. The Court ordered Plaintiff to respond to the interrogatories and requests by November 18, 2011. *See* Doc. 40 at 1. She failed to do so.

The Court has examined the five factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992), as a starting point to determine what sanctions should be imposed for Plaintiff's failure to comply with the Court's discovery order. In response to the Defendant's contention that Defendant Armijo has been prejudiced because he "should not have to litigate this case indefinitely and should not have to incur excessive attorneys' fees and costs to bring this case to resolution," Doc. 43 at 4, Plaintiff responds that he is "in the same position he was in one year ago," and that the discovery requests "need not even be propounded anew," Doc. 93 at 5. While the Plaintiff concedes that she has interfered with the judicial process by failing "to respond to discovery requests and orders in this case while her attorney was diligently pursuing service on the codefendant," counsel for Plaintiff "asks that the court excuse this failure for [the reason that he was pursuing service on Petty] or, at a minimum, sanction counsel rather than the Plaintiff." *Id.* Plaintiff's counsel contends that he, and not his client, was culpable for failing to comply with discovery and the Court's directives, but states only that Petty's avoidance of service "made it extraordinarily difficult to litigate the case against this defendant separately." *Id.* at 6. The parties both acknowledge that Plaintiff was not expressly warned that her case would be dismissed for failure to obey the motion to compel. Although the Defendant contends that no other sanction short of dismissal will be effective to obtain the Plaintiff's cooperation in discovery, Doc. 94 at 4-5, Plaintiff contends that, "[n]ow that service has been completed, the case may proceed normally

without need for further sanctions," Doc. 93 at 6-7.  The Court remains concerned, however, with the Defendant's assertion in his reply brief that, as of August 17, 2012, counsel for Plaintiff still had not tendered the answers to interrogatories submitted over a year ago.  *See* Doc. 94 at 4 n.1.

The Court concludes that the most proper sanction in this case is not dismissal at this particular time, but rather, that counsel for Plaintiff shall pay the Defendant's costs and attorney fees incurred in preparing the October 13, 2011 Motion to Compel, the November 21, 2011 Motion to Dismiss, and the August 17, 2012 Reply.  Counsel for Defendant shall submit to the Magistrate Judge, who will rule on the issue, its affidavits and invoices regarding reasonable costs and fees within ten days of the filing of this Order, and the Plaintiff will have a five-day opportunity to object to those costs and fees.  The Court also warns Plaintiff that if she has not submitted the answers to the June 6, 2011 interrogatories and responses to requests for production on or before **September 17, 2012**, the Court will *sua sponte* reconsider its denial of the motion to dismiss and may dismiss her claims against Defendant Armijo.

**IT IS THEREFORE HEREBY ORDERED** that the Motion to Dismiss is **DENIED-IN- PART AND GRANTED-IN-PART** and that Defendant shall submit his evidence regarding costs and attorney fees as set forth above within ten days of the filing of this Order;

**IT IS FURTHER ORDERED** that Plaintiff shall fully respond to the Defendant's June 6, 2011 Interrogatories and Requests for production on or before September 17, 2012, and inform the Court of her compliance by the filing of a notice.

ENTERED THIS 7th DAY OF SEPTEMBER, 2012.

_____
**UNITED STATES DISTRICT JUDGE**